**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George W. DIXON, a/k/a, G. W. Dixon, Defendant-Appellant.**

No. 79–5128.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1980.

Rehearing Denied March 10, 1980.

828

Otto E. Simon, J. Randall Crane, Mobile, Ala., for defendant-appellant.

Wm. A. Kimbrough, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

GODBOLD, Circuit Judge:

Appellant George W. Dixon is president of International Longshoremen's Association (AFL–CIO), Local 1410–1. He is also a member of the Executive Board of the South Atlantic and Gulf Coast District of the union and a vice-president of the International union. On four occasions Dixon, as the Local's elected delegate to the annual District convention, accepted reimbursement for travel expenses from the Local, and subsequently accepted reimbursement or compensation for the same conventions from either the District or the International or both. He was convicted on three counts (of a four-count indictment) of violating § 501(c) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 501(c)) for willful embezzlement of Local funds. We reverse.

The district court charged the jury, over appellant's objection, that appellant's good faith belief that the Local would benefit from the expenditures did not constitute a defense.[1] The instructions charged that the

1. The initial instructions charged:
The law does not require that the Government bears the burden of proving lack of benefit to the Union by the actions of the officers or actual harm derived therefrom, but what the Government must establish is fraudulent intent and lack of proper authorization.

government need establish only "fraudulent intent and lack of proper authorization." Appellant argues that these instructions deprived him of a valid defense and improperly permitted the jury to consider only some of the elements of the crime.[2]

██ There are two types of offenses under § 501(c): those involving the authorized use of funds and those involving the unauthorized use of funds. The elements of each differ. In unauthorized use cases the government need only prove lack of proper authorization and fraudulent intent. *U. S. v. Nell,* 526 F.2d 1223, 1231–32 (5th Cir. 1976); *U. S. v. Goad,* 490 F.2d 1158, 1161–62 (8th Cir.), *cert. denied,* 417 U.S. 945, 94 S.Ct. 3068, 41 L.Ed.2d 665 (1974). In cases involving authorized use, however, the government must also prove that the defendant "lacked a good faith belief that the expenditure was for the legitimate benefit of the union." *U. S. v. Bane,* 583 F.2d 832, 835–36 (6th Cir. 1978), *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979); *see also U. S. v. Santiago,* 528 F.2d 1130, 1133–34 (2d Cir.), *cert. denied,* 425 U.S. 972, 96 S.Ct. 2169, 48 L.Ed.2d 795 (1976).

██ The use of funds is only "unauthorized" if the defendant had actual knowledge that the expenditures were not properly authorized. *U. S. v. Rubin,* 591 F.2d 278, 282 (5th Cir. 1979). Thus, a good faith belief in union benefit constitutes a defense unless the government can show that the defendant knew that the funds were unauthorized.[3] As the jury instructions did not reflect this standard, the judgment must be reversed.

REVERSED.

---

Supplemental instructions charged:
Under the circumstances of this case, 'good faith' cannot include, as a matter of law, spending Union funds thinking it proper since the Union would benefit from the expenditure. The fiduciary responsibility requires Union officials to follow the proper procedures to authorize the expenditure of funds and the utilization of such authorization. A Union official cannot be acting in 'good faith' when not following his Union's own procedures in regarding the authorization or expenditure of funds. An elected Union official must know the proper procedures for conducting his Union's business.

2. Appellant also contests the use of an "Allen" or dynamite charge. Because we reverse on the substantive instructions, we need not reach this issue.

3. Authorization which is improperly or fraudulently obtained is also treated as lack of authorization. *U. S. v. Silverman,* 430 F.2d 106, 114 (2d Cir. 1970), *cert. denied,* 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971). However, actual knowledge of the impropriety or fraud is still required.